# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| SONJA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-03413-LSC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

### I.   Introduction

The plaintiff, Sonja Thomas, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") partially denying her application for Disability Insurance Benefits ("DIB").[1] More specifically, after two

---

[1] Ms. Thomas also originally appealed the ALJ's denial of her application for Supplemental Security Income ("SSI"). Subsequently, a motion was filed in this action indicating that Ms. Thomas died and seeking substitution of her two daughters, Laconya Denae Thomas and LaShara Thomas, as plaintiffs. (Doc. 11.) After a telephone conference was held in which the Commissioner expressed no objection to Plaintiff's motion regarding DIB, but expressed objection to Plaintiff's motion regarding SSI because her SSI claim has been extinguished by her death, the Court granted the motion in part and substituted Laconya Denae Thomas and LaShara Thomas for Ms. Thomas as plaintiffs on the DIB claim. (Doc. 14.) Plaintiff subsequently expressed no objection to the SSI claim being dismissed with prejudice, and the Court so ordered on May 8, 2013 (doc. 17), leaving only the DIB claim being appealed. Hereafter, Plaintiff will still be referred to as "Ms. Thomas."

administrative hearings, the Administrative Law Judge ("ALJ") issued a partially favorable decision finding Plaintiff not disabled from July 30, 2007 through December 18, 2010, but disabled as of December 19, 2010, when her age category changed. (Tr. at 6-27, 32-54, 56-105.) Ms. Thomas appeals the denial of benefits for the July 30, 2007 through December 18, 2010, period, and she has timely pursued and exhausted her administrative remedies. The decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Thomas was forty-nine years old at the time of the ALJ's decision, and she has a twelfth grade education. (Tr. at 15.) Her past work experiences include employment as a nurse's aide, grinder, machine operator, loom starter, and quality control checker. (Tr. at 24.) Ms. Thomas claims that she became disabled on July 30, 2007, due to congestive heart failure, high blood pressure, asthma, tendonitis, and chronic obstructive pulmonary diseases. (Tr. at 208-13, 236.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the

claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant

cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Ms. Thomas "meets the insured status requirements of the Social Security Act through December 21, 2012." (Tr. at 12.) He further determined that Ms. Thomas has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. at 13.) According to the ALJ, Plaintiff's substance abuse, hypertension, congestive heart failure, chronic obstructive pulmonary disease, edema, obesity, back pain of uncertain etiology, and asthma are considered "severe" based on the requirements set forth in the regulations. (*Id*.) In contrast, the ALJ determined that Ms. Thomas suffers from non-severe diabetes mellitus; and despite its non-severe nature, the ALJ considered the resulting functional limitations when determining Ms. Thomas's RFC. (*Id*.) The ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.) The ALJ determined that Ms. Thomas has the RFC to perform a range of sedentary work as defined in 20

CFR 404.1567(a) and 416.967(a),[2] specifically:

> The claimant can occasionally lift ten pounds, and can frequently lift items of negligible weight. She can stand or walk at one time for no more than one hour; and can stand or walk for a total of two hours. She can sit at one time for no more than one hour and can sit for a total of six hours. The claimant can occasionally perform pushing and pulling with the upper extremities. She can perform unlimited pushing and pulling with the lower extremities. She can frequently balance. She can occasionally stoop; occasionally kneel; occasionally crouch; and occasionally climb ramps and stairs. She cannot crawl. She cannot climb ladders ropes or scaffolds. She can frequently reach, bilaterally. She can perform unlimited handling, bilaterally. She can perform unlimited fingering, bilaterally. She should avoid all exposure to extreme heat, humidity, and wetness. She should avoid all exposure to pulmonary irritants. She should avoid all exposure to unprotected heights and dangerous machinery.

(*Id.*)

According to the ALJ, Ms. Thomas is unable to perform any of her past relevant work. (Tr. at 24.) Proceeding to step five, the ALJ found Plaintiff was not disabled prior to December 19, 2010, because she could perform a significant number of jobs

---

[2] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R §§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Id.* Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *Id.* Occasionally means occurring from very little up to one-third of the time. Social Security Ruling (SSR) 83-10, http://www.socialsecurity.gov.OP_Home/rulings/di/02/SSR83-10-di-02.html. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about two hours of an eight-hour workday, and sitting should generally total approximately six hours of an eight-hour workday. *Id.*

in the national economy given her work-related limitations and vocational profile, such as order clerk, stringing machine tender, and carding machine operator. (Tr. at 24-26.) The ALJ stated that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" before the alleged onset date, and as such, "[p]rior to December 19, 2010, a finding of 'not disabled' is appropriate." (Tr. at 26.) However, the ALJ found that, as of December 19, 2010, Plaintiff was disabled after her age category changed from a "younger individual" to a "person closely approaching advanced age." (Tr. at 26.) Relying directly on Medical-Vocational Rule 201.14, the ALJ therefore determined that Ms. Thomas was "disabled" as of that date and that her disability continued through the date of the decision. (*Id.*)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the

Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.   Discussion

Ms. Thomas alleges that the ALJ's decision should be reversed and remanded

for two reasons. First, she believes that the ALJ failed to give proper weight to the opinion of the consultative examiner, Dr. Ghanshyam Patel. Second, Plaintiff contends that the ALJ committed reversible error in relying exclusively on the medical-vocational guidelines ("the grids") and not eliciting testimony from a Vocational Expert ("VE").

### A.   Weight to Consultative Examiner's Opinion

The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Within the classification of acceptable medical sources are the following different types of sources which are entitled to different weights of opinion: 1) a treating source, which is defined in the regulations as "your physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you;" 2) a non-treating source, which is defined as "a physician, psychologist, or other acceptable medical source who has examined you but

does not have, or did not have, an ongoing treatment relationship with you;" and 3) a non-examining source, which is a "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case . . . includ[ing] State agency medical and psychological consultants . . . ." 20 C.F.R. § 404.1502. The regulations and case law set forth a general preference for treating sources' opinions over those of non-treating sources, and non-treating sources over non-examining sources. *See* 20 C.F.R. § 404.1527(d)(2); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985). However, an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)).

Plaintiff takes issue with the ALJ's decision to give Dr. Patel's opinion substantial, but not significant, weight. At the request of the ALJ, Dr. Patel examined Plaintiff on August 18, 2010. Plaintiff reported she had difficulty breathing, difficulty walking and standing, and constant shortness of breath, and she complained of peripheral swelling (Tr. at 464). On examination, Dr. Patel reported Plaintiff's chest was clear, she had no significant heart murmurs, she had no swelling of the extremities, and she had poor r-wave progression per ECG (Tr. at 465). Dr. Patel

assessed severe shortness of breath, severe airway disease, morbid obesity, chronic back pain, and hypertension (Tr. at 465). He also noted Plaintiff had difficulty standing and walking and extreme shortness of breath (Tr. at 465). Based on this examination, Dr. Patel completed a functional assessment form in which he opined Plaintiff could lift up to 10 pounds frequently and 20 pounds occasionally; sit for three hours in an eight-hour workday; stand for three hours in an eight-hour workday; walk for four hours in an eight-hour workday; and occasionally reach and never feel or push/pull. (Tr. at 467-72).

Plaintiff points out that at the hearing when the VE was asked a hypothetical question incorporating Dr. Patel's limitations, the VE testified Plaintiff could not perform any jobs. (Tr. at 49-50.) The VE testified that the limitations to reaching occasionally and no ability to feel eliminated all jobs. (Tr. at 49-50.) However, although the ALJ asked the VE to consider Dr. Patel's limitations, the ALJ was not required to accept the limitations as set out by Dr. Patel. The Eleventh Circuit has held that the Commissioner can disregard responses to hypothetical questions not supported by the record. *Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986).

Substantial evidence in the record supports the ALJ's decision to afford Dr. Patel's opinion substantial but not significant weight. As an initial matter, the opinion

of Dr. Patel was not entitled to any deference because, as a one-time examiner, he was not a treating physician. *See* 20 C.F.R. § 404.1527(d)(I); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) . In any event, the ALJ noted in his decision the medical treatment notes in the record and Dr. Patel's examination did not support the limitation of occasional reaching. (Tr. at 23.) The ALJ also suggested that the evidence did not support Dr. Patel's limitation of no feeling with the hands. (Tr. at 23.) Indeed, in the functional assessment form, Dr. Patel provided no specific findings to support the limitation of occasional reaching and no feeling. (Tr. at 469.) In addition, Dr. Patel's findings from his examination do not support such limitations. (Tr. at 465.) Moreover, as the ALJ noted, the other objective evidence in the record did not support such limitations. (Tr. at 23.)  James Anderson, M.D., a medical expert, testified at the hearing after reviewing all the evidence in the record except Dr. Patel's report, and concluded Plaintiff could perform light work and did not provide any limitations for reaching or feeling. (Tr. at 16, 23, 95, 97). The ALJ reasonably gave Dr. Anderson's less restrictive opinion substantial weight (Tr. at 23). The ALJ further noted that several progress notes from various sources showed Plaintiff's extremities appeared generally normal. (Tr. at 18-19, 394, 397, 402, 405, 408, 411, 413, 419, 422, 476, 480). Given the record as a whole, the ALJ was not required to accept all the

limitations from Dr. Patel.  *See Crawford*, 363 F.3d at 1161 ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"); *Sullivan v. Comm'r of Soc. Sec.*, 353 Fed. App'x 394, 397 (11th Cir. 2009) (per curiam) (unpublished) (ALJ was not required to include findings from a consultative examiner in the hypothetical question that he had properly rejected). Thus, the ALJ was not required to accept VE testimony based on Dr. Patel's opinion.

### B.    Reliance on "the Grids" as Opposed to VE Testimony

Plaintiff argues that it was error for the ALJ to rely exclusively on the grids to find her not disabled from July 30, 2007 to December 18, 2010.  However, the ALJ did not rely exclusively on the grids—he enlisted the testimony of a VE in determining whether there were a significant number of jobs in the national economy that she could have performed before December 19, 2010.  Normally, when nonexertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986) (affirming district court reversal of ALJ who applied grids).  " 'It is only when the claimant can clearly do unlimited types of light work, . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.' " *Allen v. Sullivan*,

880 F.2d 1200, 1202 (11th Cir. 1989) (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A, March 1981)). "The burden of showing by substantial evidence that a person who can no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony." *Chester v. Bowen*, 792 F.2d 129, 132 (11th Cir. 1986). The ALJ appropriately utilized VE testimony in this case, and insofar as Plaintiff contests that, her argument is belied by the record.

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Thomas's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>24th</u> day of <u>March 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]